The first case today is number 152446 United States v. Daniel Bramley Good morning, may it please the court My name is Jamesa Drake, I represent Daniel Bramley and with the court's permission I would request two minutes of rebuttal That's fine In the middle of a highly contentious conversation about the only real issues in this case drug quantity and whether the defendant would take responsibility for his transgressions the district court stepped off the bench to see probation Now, I have two problems The first is, I don't know what was discussed and the second is, trial counsel did not object It is for those reasons that I'm asking for a very limited remedy I'm asking for a remand to the district court so that it might state on the record what was discussed Well, let me be sure I understand the posture of the case There was no objection made when this occurred Is that correct? That's correct Okay, so I stand that the review was plain error That's correct Alright And you will concede, will you not, that it is permissible for probation officers in the court to discuss certain matters ex parte? Probation officers routinely advise the court with respect to sentencing matters There's nothing wrong with that We've said that's okay in the United States against FRASA I will make that concession Of course, the rub is in the nature of the material Oh sure Yes But the reason we don't know the nature of the material one might submit is because there was no objection I certainly will acknowledge that that is the case So I'm at a loss where you present a communication which at the worst might have been improper But we have no way of knowing as to how we can grant relief Isn't that what plain error is all about? You've got to show that it's reasonably likely that if we correct this error despite the lack of an objection That the result would have been different That is true The difficulty with ex parte conversations and issues generally about judicial bias is that we often don't know exactly what happened But isn't this a case in which it is not likely that we are that far into the dark Because even aside from the fact that there is to begin with a legitimate role for the officer to be speaking with the judge anyway We really have got a pretty good clue that points away from prejudice On the five minute colloquy it followed a discussion of acceptance of responsibility He then talked with the probation officer After the probation officer had talked with him he turned to defense counsel And said explicitly I do not want to, I forget how he put it But he said I don't want to act on the basis of anything that the probation officer has not had an opportunity to respond to or comment on So the likelihood is that they were talking about the acceptance of responsibility entry in the PSI And if there was anything more the defense counsel wanted to say about acceptance of responsibility he could At the end of the, what was it, the 32nd ex parte conference The, I forget the matter before that was the, I am trying to think, I forget what it was It had to do with a mandatory incentive That's right it was the mandatory fine And the judge started to refer to the fine as mandatory Then broke off, talked to the probation officer for 30 seconds and went on with it And the probability is that he said by the way am I right that there is a mandatory $100 fine here So that even if we look at substance and say what were they probably talking about The likelihood if they are talking about anything that prejudiced the defendant Without an opportunity to say what, his counsel to say what he wanted on the subject is very low And under those circumstances even if we inquire into whether the substance might have been deleterious The likelihood is that it was not and I don't see how you get over the prejudice prong on that record Well I certainly agree with your honor that context is important And that we can speculate based on the context of when the court stepped off the bench What was likely discussed I think most likely what was discussed was what was defendants credibility And what he had told the probation officer about the LSD That is the nature of the contested issue But at the end of the day it is pure speculation both what I just said And the notion that everything that was discussed was perfectly appropriate It may well have been the assailant issue then becomes what level of ambiguity will this court be comfortable with Well it's not so much a matter of comfort I mean our comfort has got to be assessed in the context of your burden to show prejudice I don't disagree Particularly since you had at hand the means to show prejudice By the simple expedient of objecting and inquiring then as to the nature of the conversation It's not entirely clear whether the record would have changed had an objection been made No but it is entirely clear that you didn't make the effort And that factors into our calculus Again I don't disagree Trial counsel did not make the objection However the law simply requires and this is what the government would have this court hang its hat on That only material bits be disclosed That becomes a very difficult standard for this court to police Had an objection been made and had the court said I don't need to disclose because nothing material was said I submit we may still be in the same place Now the burdens might be different but the question would remain the same What's your theory for saying that you think the most likely scenario is that the discussion concerned the credibility of the defendant Because as I understand it the credibility determination that was being made Hinged simply on a comparison between the question the judge previously asked The answer defendant previously gave and then his new contrary answer And his expectation that he was just answering the question literally So where is there any suggestion that there would be any recourse to any extraneous fact That might be known by probation but not be in the record Well I think it's fair to say that the defendant struggled through this sentencing hearing And he went back and forth about his role in the conspiracy and what his knowledge was To the district courts increasing frustration At the moment that the court stepped off the bench It had determined the drug quantity and then wanted to know whether an adjustment was appropriate This is the second acceptance of responsibility point that was at issue And as Justice Souter points out although defense counsel was given an opportunity to make an argument There's no way to know whether the argument defense counsel made actually met Any sort of conversation or suggestion that might have occurred During the conversation with the probation officer Thank you May it please the court, Julia Lopez representing the United States Your honors there was no error plain or otherwise in the district court's decision To hold two short private conversations with this probation officer during the course of sentencing here I think there are three principal points we need to consider The first is that private communications between the probation officer and the district court are permissible I believe the defendant has conceded as such and that is certainly supported by rule 32 and case law The second is that not all of those conversations concern material information That needs to be disclosed to the defendant Yet the defendant's position here seems to be that any conversation that occurs during the course of the sentencing No matter how trivial needs to be disclosed to the defendant Again we would suggest that it does not comport with rule 32 Which does allow for private sentencing recommendations does not comport with the case law But I don't think that's fair to say that that's the defendant's position What the defendant is seeking is not to vacate the sentence But according to counsel's statement this morning A remand so that we can have the district court tell us the nature of the conversation I presume inherent in that narrow request for a remedy Is a concession that if the conversation merely related to some area of advice Or related to whether or not the probation officer and the judge were going to both be free for lunch that day Something extraneous to the case that the appeal would then go away Yes your honor, the remedy that the defendant seeks however as the court has pointed out Was available in the district court All that was simply required was for the defendant to object And there were several points at which that could have happened It could have happened before the conversation I can see that might have been a somewhat difficult thing to do But certainly immediately upon the judge returning to the bench The defendant could have asked for some clarification about what was discussed And whether it was anything material to the sentencing determination At the end of the hearing the district judge again asked the parties If there was anything else they'd like to address That was another opportunity for the defendant to ask for clarification And then of course even after the sentencing was over There are means by which a defendant can seek to reopen the sentencing And could have again asked for clarification So the remedy that's being sought from this court Is something that was well within the defendant's ability to obtain below And he simply chose not to do that It seems we have agreement here on both sides  And there are some that the judge could not have Without disclosure to the other side So the problem becomes because of the lack of an objection The judge didn't say so we don't know for sure That then moves to the question of whether perhaps We can nevertheless tell one way or the other With sufficient clarity from the context in which the conversation occurred And you heard the explanation just given that we should infer Through context that it had to do with credibility of the defendant What's your response to that? Your honor I don't think that that is a fair speculation There are other types of conversations that I think are equally likely One quite likely scenario and again this is all speculation But reading the record is that the judge simply asked the probation officer Does anything in your sentencing recommendation to me change In light of what we've just heard at this hearing There was a discussion about whether the defendant was lying to the judge On the record and so it could have been to the probation officer You made a recommendation to me prior to the sentencing hearing Which is common and part of rule 32 Does anything in your recommendation now change In light of what we've heard here today? Another possibility is that the district judge and the probation officer Were doing some simple math The pre-sentence report did recommend acceptance of responsibility Clearly the judge was considering whether or not to grant that In light of what had happened at the hearing And so the guideline calculations in the pre-sentence report Were reflective of a three point reduction for acceptance of responsibility So it could have been that the district judge was saying to the probation officer What would the guideline range be if I do not grant acceptance So that when the court got back on the bench He was able to properly calculate the range And so those are two possibilities that really have nothing to do with credibility What is it about either one of those possibilities That would cause us to think that Judge Singel Would have wanted to have an off the record conversation with probation Because aren't those both subjects that would normally be addressed In the probation report itself? Well again your honor, the question to the probation officer Was whether his sentencing recommendation had changed In light of what had happened at the hearing Right, but the sentencing recommendation itself is usually in the PSR Isn't it, as is the guideline calculation So if all he wanted to do was ask whether either was changing Why would he have wanted to go ex parte? Well that's a confidential recommendation from the probation officer As to what he thinks an appropriate sentence should be So if the probation officer were indicating Yes your honor, my recommendation has changed I think the sentence should be different That as comporting with rule 32 and the district of Maine local rules That is something that the judge would want to keep private In terms of doing the guidelines math It simply may have seemed cleaner Rather than to be sort of fussing on the record It can be a little bit confusing sometimes To read those guidelines tables And so Judge Singel may have just wanted to make sure That he had both options Whether he decided to grant acceptance or not in front of him Again though, this is all speculation If we look at the record itself And what we do know from the record The best reading of that record I would suggest Is that whatever was discussed Was not material information that the defendant needed to be aware of And I take that from the fact As Justice Souter pointed out There were two conversations here Taking a second conversation first That was a ten second conversation That occurred after sentence had been imposed And it simply was followed by The imposition of a $100 mandatory special assessment And the waiver of a fine So it's hard to conceive what in that conversation Could have materially impacted the defendant's sentence Which again had already been imposed If we look at the prior conversation Which was a bit longer And occurred during the course of the guidelines calculation That was immediately followed by The district judge saying to the parties I'd like you to address acceptance of responsibility In fact his quote was I don't want to even consider doing something Unless you get an opportunity to address it So what we have here Is a judge who seems to be quite aware Of his Rule 32 obligations And to the extent the remedy sought by the defendant Is so that the parties have an opportunity To address whatever it is the district court is concerned about That seems to have happened in this case Again the recess was immediately followed by The district judge stating on the record He did not want to do anything Unless the defendant had an opportunity to address it I would suggest to the court That we need to take those words at face value And that takes me finally to the plain error standard here As the court has noted It is the defendant's burden to establish prejudice in this case To establish in a sentencing appeal That his substantial rights were impacted Namely that this alleged error here But for that he would have gotten a lower sentence And there's simply nothing in the record to suggest that is the case I note that this sentence was a 10 month variance Below the bottom of the guideline range He simply has not articulated for the court What it is about that downward variance That he thinks would have been better for him Had the substance of these conversations been disclosed The sentence itself seems to have been well supported I note that the three point reduction For acceptance of responsibility Does not actually impact the guideline range Because whether those three points were added or not Both of the original ranges would have been Above the statutory maximum of five years And so the guideline range either way Would have been 60 months And again the district court judge varied downward The judge's decision on acceptance Seems to have been well supported Namely he concluded based on what happened in the hearing Which came out of the defendant's own mouth That the defendant had lied to him And so took that into account in imposing sentence So unless there are other questions We would rest on our brief And urge this court to affirm Thank you Ms. Lewis The government gives the district court Far too little credit When it assumes that this was just a conversation about math For the reasons that we heard At the end of the government's presentation It's highly unlikely that Judge Singel Would have stepped off of the bench To subtract three from 32 I imagine that's something the court could have done On the bench And the guidelines range This is not about figuring out where the defendant Fell on the guidelines table Because of Apprendi He was capped at a 60 month sentence as it were That is not to say though That any conversation couldn't have impacted Where under that Or within that zero to 60 range The court ultimately selected After all the defendant went into the sentencing hearing Requesting a sentence of under one year of imprisonment And wound up with 50 months But it's fair to say Isn't it That despite all the speculation From both you and your sister That we simply Don't know From this record What the probation officer and the district judge Discussed That is absolutely the truth And not knowing And with the record itself Providing no clue As to what was discussed It is Therefore impossible In a situation where Some conversations are okay And some are not For you either to show clear error Or to show prejudice Under the plain error standard That's true and that's something that I have repeatedly embraced Up here My point however Is that if we follow this court's jurisprudence In Berzon and in Craven That talks about the violation The problem with Ex parte conversations Is that they give rise to questions And the impression about whether fundamental fairness In sentencing Was affected Not necessarily whether it was violated We don't know the record's silent But whether it was affected Well are you therefore saying That we respond to that problem With a rule that Prejudice is presumed In the case of an ex parte conversation Such as we have here I.e. we can't prove it Nobody can prove it Therefore it should be assumed as a matter of law May I Yes please The rule that I'm asking this court to apply Is that when it cannot tell The safest course of action Is a very limited remand And that in the future The best practice is to require That during the sentencing hearing All of these conversations Stay on the record That way there won't be any question In future cases Thank you Thank you counsel